[Crim. No. 5484. Second Dist., Div. One. Jan. 30, 1956.]

THE PEOPLE, Respondent, v. HILDRETH CLAIR YARTER et al., Defendants; RODGER F. BRENON, Appellant.

Ward Sullivan for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an amended information filed November 12, 1953, by the district attorney of Los Angeles County, appellant and three others were charged in Count I with the crime of abortion and in Count II with the crime of conspiracy to commit abortion. Appellant pleaded not guilty to the offense charged in Count I, and guilty to the crime (conspiracy to commit abortion) charged in Count II. As to said last-named count, it was ordered that proceedings be suspended. Appellant was granted probation. The conditions of probation were that appellant "serve one year in the County Jail, with good time allowed if earned; that he have no further abortion activities; that he not associate with the co-defendants and that he obey all orders of the court and all rules of the probation department." Count I of the amended information was dismissed. Appellant served the required period of confinement in the county jail as fixed by the terms of his probation. Following his release he was charged with the crime of murder growing out of an attempt to produce an abortion. He was convicted thereof and sentenced to state prison. From this judgment of conviction and the order denying his motion for a new trial, appellant appealed. This court has this day affirmed the judgment and order appealed from (*People* v. *Brenon, ante,* p. 795 [292 P.2d 645]).

On the same date sentence was imposed in the last-named case, a hearing was had on appellant's alleged violation of probation in the case first above mentioned. Following such hearing probation was revoked. The court pronounced judgment and appellant was sentenced to state prison. From the judgment and the order revoking probation appellant prosecutes this appeal.

■ Since the order revoking probation was made prior to entry of judgment, it is nonappealable and the appeal was properly taken only from the judgment (*People* v. *Robinson*, 43 Cal.2d 143, 145 [271 P.2d 872]; *People* v. *Jennings*, 129 Cal.App.2d 120, 122 [276 P.2d 124]).

The sole and only question raised by appellant is whether the trial court abused its discretion in revoking his probation following his conviction of the offense of murder in the second degree in the second case, "when such conviction is contrary to the law and the evidence."

The reporter's transcript in the second case (this date decided by this court affirming the judgment and order denying a new trial) shows that on June 2, 1955, the trial judge stated he had read and considered the report of the probation officer. The court then noted that appellant was on probation in the case at bar. After a hearing, the court ordered probation revoked in the case at bar, and sentenced appellant to imprisonment in the state prison. The court thereupon sentenced appellant on the charge in the second case to imprisonment in state prison, the sentence to run consecutively with the sentence imposed in the case at bar.

Appellant urges that his conviction of murder in the second degree "is the only act on his part that can be construed as a violation of the terms of his probation. If that conviction cannot stand as a matter of law, then there is no violation and the trial court abused its discretion by its order revoking probation."

However, in that case, this court in the opinion this day filed held that the evidence was legally sufficient to sustain the conviction. ■ Nevertheless, aside from the question of the legal sufficiency of the evidence in the case just referred to, there was no abuse of discretion on the part of the court in the instant case in ordering the revocation of appellant's probation. ■ A report was filed by the probation officer in the second case. It was read and considered by the court. Such a report carries with it the presumption that it was made in accordance with the provisions of Penal Code, section 1203, and that therefore the officer made, "an investigation of the circumstances surrounding the crime and the prior record and history of the defendant" as therein provided, since it is presumed the law has been obeyed and official duty has been properly performed (Code Civ. Proc.. § 1963, subds. 15, 33). There is no evidence before us to overcome this presumption. ■ Probation may be revoked

solely on the basis of the probation officer's report (*In re Levi*, 39 Cal.2d 41, 44 [244 P.2d 403]).

Strikingly similar to the case now before us, and decisive of the issue raised, is the case of *People* v. *Robinson*, 43 Cal.2d 143, 146 [271 P.2d 872], wherein our Supreme Court said: "The record reveals that at the time of revocation of defendant's probation, a hearing was had wherein it appeared that defendant had been found guilty of a conspiracy to violate section 337a of the Penal Code (committed October 24, 1952). The appeal from such judgment of conviction has this day been decided and the judgment has been affirmed. (*People* v. *Robinson*, Crim. No. 5580, *ante*, p. 132 [43 Cal.2d] [271 P.2d 865].) Manifestly, such conviction, though not then final pending appeal, was sufficient to warrant the trial court's conclusion that defendant was engaged in criminal practices in violation of the terms of his probation, which was thereupon revoked. Under all the circumstances there is no basis for disturbing the judgment entered [28 P.2d 16]; *People* v. *Silverman*, 33 Cal.App.2d 1, 5 [92 against defendant. (*People* v. *Hainline*, 219 Cal. 532, 534 P.2d 507].)''

The purported appeal from the order revoking probation is dismissed and the judgment is affirmed.

Doran, J., and Fourt, J., concurred.