[Crim. Nos. 8463, 8464. Second Dist., Div. Four. Aug. 7, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CALVIN COLDRIDGE McKINNEY, Defendant and Appellant.

(Two Cases.)

Howard E. Beckler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with the crime of possession of marijuana in violation of section 11530 of the Health and Safety Code. A prior felony conviction of violation of section 11500, possession of marijuana, was alleged. Defendant entered a plea of guilty and submitted the determination of the prior to the court. Thereafter, at defendant's request, the guilty plea was set aside, a plea of not guilty was entered, and defendant denied the allegation of the prior conviction. Defendant personally and all counsel waived trial by jury. Defendant was found guilty as charged. Motion for a new trial was denied. Probation was denied. The court found defendant to be in violation of probation on the prior conviction. Probation was thereupon revoked and defendant was sentenced to state prison for the term prescribed by law on each offense. The sentences were ordered to run concurrently.

Defendant appeals from the judgment of conviction and the order denying his motion for a new trial (2d Crim. 8463). As to the prior, defendant appeals from the judgment and order revoking probation (2d Crim. 8464).

On August 16, 1961, Police Officers Boyd and Denver were riding in a marked patrol car eastbound on Adams Boulevard in the City of Los Angeles. At approximately 3:40 a.m. they observed a vehicle traveling in the opposite direction

on Adams Boulevard. Both occupants in the vehicle looked in the direction of the police car and appeared to be nervous. The officers watched the vehicle as it passed them and one observed that the rear license plate illumination was out, whereupon they followed the car. The vehicle made a left turn on a side street and stopped after going a half block. Both the driver and defendant got out of the car. The officers approached the two persons. Officer Denver told the driver that the illumination above his rear license plate was out, and asked that he display his operator's license. The driver advised the officers that he didn't have a license; that he had stopped the car in order that defendant, who had a driver's license, could switch places with him and drive the car.

Officer Boyd made a shakedown search of defendant for weapons. He observed a bulge in the left breast pocket of defendant's shirt and asked defendant if he could look at the object. Defendant answered affirmatively. The officer reached into the shirt pocket and retrieved a small address-type book. As the officer was about to examine the book, defendant grabbed it and began to run away from the scene. The officer gave pursuit and apprehended him across the street. Before being apprehended, defendant dropped or threw the notebook to the ground. As the officer picked up the notebook he noticed that certain articles had become dislodged from it and were lying about on the ground. Among these objects, the officer observed two paper-wrapped cigarettes which in his opinion resembled marijuana.

After defendant was booked, a further search was made. His shirt pocket was found to contain what appeared to be marijuana debris.

It was stipulated that William King, an expert forensic chemist, examined the two cigarettes as well as the debris, and that they did in fact contain marijuana.

Defendant testified in his own behalf. He stated one of the officers made inquiry concerning the bulge in his shirt pocket. He told the officers it was a notebook. The officer said "We'd better have a look at that." The officer proceeded to take the notebook from his shirt pocket without his permission. Defendant admitted he grabbed the notebook and its contents from the officer and ran; that the officer gave chase and apprehended him.

Defendant contends that there was no probable cause for his arrest, that no consent to search was given, and that the

admission of the evidence was improper in view of the federal and state constitutional guarantees against unlawful searches and seizures.

As stated in *People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469]: "One can, of course, freely consent to the search of his property, and having done so, 'any search or taking of evidence pursuant to his consent is not unreasonable. [Citations.] Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority is a question of fact to be determined in the light of all the circumstances.' [Citations.]" (See also *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852].)

"The question of consent to the search of defendant's person—whether it was given, and if so, whether it was voluntary —arising out of the testimony of the police officers and that of the defendant, was one of fact for the determination of the trial court [citations]; and its finding, when supported by substantial evidence, is binding upon the appellate court [citation]." (*People* v. *Zavaleta,* 182 Cal.App.2d 422, 425 [6 Cal.Rptr. 166].)

In the case before us the trial court resolved the conflict, chose to accept the officer's version of the facts and obviously did not believe defendant's version of the occurrence. The officer's testimony constitutes sufficient evidence that the search and the finding of the marijuana cigarettes and debris were made with consent of defendant, thus justifying admission and use of the evidence to establish probable cause and to find defendant guilty as charged.

Defendant also appeals from the judgment and the order finding him in violation of probation and from the judgment pronounced sentencing him in 2d Crim. 8464. The trial court indicated it had read and considered the violation report submitted by the probation officer and made its findings that defendant was in violation of probation. Probation was revoked and sentence and judgment were pronounced. "Probation may be revoked solely on the basis of the probation officer's report [citation]." (*People* v. *Yarter,* 138 Cal.App.2d 803, 805-806 [292 P.2d 649].)

In the case of *People* v. *Robinson,* 43 Cal.2d 143 [271 P.2d 872], which involved similar facts, the court stated (p. 146): "Manifestly, such conviction, though not then final pending appeal, was sufficient to warrant the trial court's conclusion that defendant was engaged in criminal practices in

violation of the terms of his probation, which was thereupon revoked. Under all the circumstances there is no basis for disturbing the judgment entered against the defendant." (See also *People* v. *Yarter, supra,* 138 Cal.App.2d 803, 806.)

There is no reason to disturb either judgment in this appeal. The judgments of convictions are affirmed and the purported appeal from the order denying defendant's motion for a new trial is dismissed.

Burke, P. J., and Kingsley, J., concurred.