[Crim. No. 2392.   Fourth Dist., Div. Two.   Mar. 23, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. RUMALDO
ALVA SILVA, Defendant and Appellant.

John H. Gilbert, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles R. Kocher, Deputy Attorney General, for Plaintiff and Respondent.

McCABE, P. J.—On September 7, 1961, in Orange County, defendant, a youth of 18 years, was found guilty of a violation of section 211, Penal Code, as charged and the degree fixed at second degree. At the time set for pronouncement of judgment and sentence, the judge suspended the imposition of sentence and granted probation for a period of five years under certain terms and conditions including a condition defendant should not violate any law or ordinance and should report to the probation officer on stated regular periods. On March 22, 1965, in the municipal court, defendant entered a plea of guilty to a violation of section 240, Penal Code (assault), and was sentenced to 30 days in the county jail in Orange County which sentence was suspended for one year. In August 1965, a violation of probation report having been filed, a hearing was had and an order entered revoking the probation granted in 1961. The judge sentenced the defendant to the state prison for the term prescribed by law. Both the hearing on the revocation of probation and the pronouncement of sentence were by a judge other than the one who tried the case in 1961. From the order revoking probation and from ''the final judgment of conviction herein'' defendant appeals.

On this appeal, among others, defendant contends: (1) There is no showing that defendant personally waived his right to a jury trial in 1961; (2) there was no proper pleading charging defendant in the superior court in 1961; (3) in 1961, there was no compliance with section 1203, Penal Code; (4) the evidence was insufficient to have found defendant guilty of the crime charged in 1961; (5) statements made by defendant in 1961 (apparently to the probation officer) were violative of his rights under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361].

On this appeal defendant attempts to go behind the order of October 1961 granting probation to defendant.

Section 1237, Penal Code, insofar as it may have application to this case provides: "An appeal may be taken by the defendant:

"1. From a final judgment of conviction . . . ; a sentence or an order granting probation shall be deemed to be a final judgment within the meaning of this section. . . .

"3. From any order made after judgment, affecting the substantial rights of the party. . . ."

■ We do not disagree with the principle of law that where there is a proper appeal, matters which could be collaterally raised at any time may be considered on that appeal. (*People* v. *Glaser,* 238 Cal.App.2d 819 [48 Cal.Rptr. 427]; *People* v. *Natividad,* 222 Cal.App.2d 438, 440 [35 Cal.Rptr. 237].)

The defendant purports to appeal from the "Order Revoking Probation and from the Final Judgment of Conviction." Yet his contentions previously alluded to on this appeal relate to collateral matters occurring before the order granting probation was entered in 1961.

Upon that occasion the defendant was not sentenced by the court but instead the imposition of sentence was suspended for the term of five years from that date and the defendant placed on probation for the intervening period. The effect of this order inherently determines the scope of review permissible in the instant appeal. ■ If judgment had been pronounced, and a sentence of imprisonment imposed but later suspended and probation granted, there would have been an appealable final judgment. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182]; *People* v. *Rissman,* 154 Cal.App.2d 265, 266 [316 P.2d 60].) However, where the imposition of sentence is suspended, the court does not impose a final judgment or sentence from which an appeal may be taken. (*People* v. *McShane,* 126 Cal.App.2d Supp. 845, 846 [272 P.2d 571]). An appeal may

still be taken in the latter situation if an order is entered granting probation since the 1951 amendment to section 1237 of the Penal Code.

Therefore, under either circumstance the defendant might have obtained an appellate review of his trial and conviction in 1961. The fact that the defendant may have accepted the comparatively minor punishment of probation rather than be put to the expense of contesting the judgment is balanced by the present inherent difficulty of review and retrial engendered by the subsequent passage of time. ■ Since no appeal had been taken by defendant from the order granting him probation, he is precluded from raising alleged errors occurring prior to that order on this attempted appeal. (*People* v. *Howard*, 239 Cal.App.2d 75, 77 [48 Cal.Rptr. 443]; *People* v. *Glaser, supra; People* v. *Wilkins*, 169 Cal.App.2d 27, 32 [336 P.2d 540]).

Additionally, defendant contends in revoking probation, the court acted arbitrarily and abused its discretion, and in sentencing the court imposed cruel and unusual punishment in violation of the federal and state Constitutions.

■ The violation of law which was the genesis of the report of the probation officer recommending a revocation of probation occurred in October 1964, but the conviction of such violation did not transpire until March 1965. The hearing on the revocation of probation was held in August 1965. Defendant concludes that because of the lapsed time between the violation and the hearing on the revocation of probation, the judge arbitrarily exercised and abused his discretion, citing *People* v. *Rojas*, 57 Cal.2d 676, 680 [21 Cal.Rptr. 564, 371 P.2d 300]. The *Rojas* case was not one involving revocation of probation but one in which there had been an appeal by Rojas from an order granting him probation. On the original appeal from that order, *People* v. *Rojas*, 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252], the court modified the finding that Rojas was guilty of receiving stolen property to a finding that he was guilty of attempting to receive stolen property, remanded the case to the trial court for further proceedings not inconsistent with the opinion of the court. Upon the further proceedings the trial court did not refer the matter to a probation officer for a further report prior to the pronouncement of judgment and sentence. In its opinion in the *Rojas* case, 57 Cal.2d 676, the court referred to section 1203, Penal Code, and stated on page 682: ''. . . . We note too that a referral to the probation officer is required prior to 'any' judg-

ment, that is, a referral on each occasion of passing judgment. We can conclude only that the Legislature intended, with each contemplated pronouncement of judgment and the concurrent determination of whether to grant or deny probation where an accused is otherwise eligible, that a defendant is entitled to have a current report before the trial judge. Suffice to say there was no current report in the instant circumstances. . . .''

Patently, the *Rojas* case has no reference to a hearing on revocation of probation.

At the hearing on revocation of probation the court had before it a lengthy report from the probation officer in which was set forth the legal status of defendant, facts of the violation, defendant's statement to the probation officer, statements from interested parties including defendant's mother and father, a discussion of the numerous infractions of the probation order which covered the period from 1961, the conclusion by the probation officer, that, ''. . . probation supervision has not deterred this kind of dangerous behaviour in the community. . . .'' These misbehaviours included, among others, arrest for drunk in automobile, physical altercations in the community, association with California Youth Authority parolees, drinking activities, anti-social behaviour in the community, and a failure to comply otherwise with the terms of the original probation order. Also, during the hearing the defendant's mother made a statement to the judge as to the conduct and attitude of her son.

The discretion of the court to revoke probation is analogous to its power to grant probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. (*People* v. *Robinson*, 43 Cal.2d 143, 146 [271 P.2d 872] ; *People* v. *Yarter*, 138 Cal.App.2d 803, 805 [292 P.2d 649] ).    Probation may be revoked solely on the basis of the probation officer's report provided the defendant is accorded notice and a hearing and the right to and representation by counsel at that hearing where, as in the instant case, no judgment or sentence was previously imposed. (*In re Levi*, 39 Cal.2d 41, 44, 46 [244 P.2d 403] ; *In re Klein*, 197 Cal.App.2d 58, 63 [17 Cal.Rptr. 71] ).

From the record before us, therefore, we do not find that the judge abused his discretionary powers or acted arbitrarily. The proceedings were properly conducted under section 1203.2, Penal Code, with defendant being on notice of the hearing and represented throughout by an attorney.

The court in releasing defendant on probation is granting a privilege to the defendant. At the time of the conviction of a crime the defendant knows he is subject to the penalty provided by law, and if granted probation, his conduct during the probation period will determine his future so far as the conviction is concerned. If he violates the terms of probation, the court then reassesses the matter in view of his subsequent behavior. █ If violation of the terms of probation is found, the defendant can be sentenced to the same term and as though no probation period had been involved. (Section 1203.3, Penal Code.) There is no cruel and unusual punishment involved.

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied April 7, 1966.