[Crim. No. 12298. In Bank. Dec. 13, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALLEN D. DELLES, Defendant and Appellant.

Allen D. Delles, in pro. per., and Benjamin M. Davis, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and James B. Cuneo, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS J.—Defendant filed a notice of appeal "from a

judgment [of the Superior Court of the City and County of San Francisco] . . . committing the defendant to the State Prison for the term prescribed by law or, in the alternative, from the revocation of probation . . . committing the defendant to the State Prison for the term prescribed by law.''

On April 10, 1967, defendant pleaded guilty to a charge of possession of marijuana in violation of Health and Safety Code, section 11530. This plea was entered pursuant to an agreement with the court that in return for such a plea he would receive probation on condition that he serve four months in the county jail. On motion of the district attorney two charges of prior nonnarcotic felony convictions were dismissed.

On April 28 defendant was arrested for allegedly selling marijuana to a state undercover agent on that date. On May 1, the date which had been set for a hearing on defendant's motion for probation, the trial judge granted the motion in accordance with the plea bargain, the term of probation being fixed at two years. Upon request of defendant, execution of the four-month jail sentence imposed as a condition of probation was stayed until May 15. At this time the judge did not know of the April 28 arrest; he was informed of it sometime between May 1 and May 15.

On May 15, defendant appeared before the trial judge without counsel and asked for permission to withdraw his guilty plea on the ground that he was not guilty. The judge denied the motion and continued the matter until May 19. On that day defendant appeared with counsel and the court heard testimony regarding defendant's April 28 arrest. Defendant again moved to withdraw his guilty plea, this time on the basis of the judge's expressed intention to revoke defendant's probation. The court denied the motion, revoked probation, and sentenced defendant to the state prison for the term prescribed by law.

█ The first question is whether the order appealed from is appealable. If the judge had sentenced defendant and then suspended the sentence when he granted probation, the subsequent order revoking probation would have been an ''order made after judgment'' and appealable under Penal Code, section 1237, subdivision 3. (*People* v. *Robinson,* 43 Cal.2d 143, 145 [271 P.2d 872] ; *People* v. *Martin,* 58 Cal.App.2d 677, 678 [137 P.2d 468] ; see *People* v. *Silva,* 241 Cal.App.2d 80, 82 [50 Cal.Rptr. 243].) However, since defendant was not sentenced until after probation had been revoked, the order of revocation is an intermediate order reviewable only on appeal

from the judgment. (*People* v. *Robinson, supra,* 43 Cal.2d 143, 145; *People* v. *Boyce,* 99 Cal.App.2d 439, 442 [221 P.2d 1011]; see *People* v. *Silva, supra,* 241 Cal.App.2d 80, 82.) Nevertheless, when, as here, revocation of probation and pronouncement of judgment (i.e., imposition of sentence) are "practically one act," a purported appeal from the intermediate order of revocation may be construed as an attempt to appeal from the judgment. (*People* v. *Robinson, supra,* 43 Cal.2d 143, 145-146.) We so construe defendant's appeal "from the revocation of probation."

In any event, defendant appeals in the alternative from "a judgment . . . committing [him] to the State Prison. . . ." While an order of commitment merely implements the judgment (*In re Gould,* 195 Cal.App.2d 172, 175-176 [15 Cal. Rptr. 326]) and is not an "order made after judgment" from which an appeal may be taken under Penal Code, section 1237, subdivision 3 (*In re Ralph,* 27 Cal.2d 866, 870 [168 P.2d 1]; *People* v. *Sourisseau,* 62 Cal.App.2d 917, 928 [145 P.2d 916]), it is clear that defendant seeks to appeal from the judgment and not from the order implementing this judgment. The May 19 judgment was a "final judgment of conviction" and therefore appealable. (Pen. Code, § 1237, subd. 1.)

The Attorney General argues that defendant's appeal should be dismissed for his failure to file within the time prescribed by rule 31(d) of the California Rules of Court the certificate of probable cause specified in section 1237.5 of the Penal Code. This argument must be rejected. Section 1237.5 provides that "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . . except where: . . . (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." This section applies to appeals in which the defendant claims that his plea of guilty was invalid and not to appeals in which the defendant asserts that error occurred in proceedings subsequent to entry of the guilty plea for purposes of determining the degree of the crime or the penalty to be imposed. (*People* v. *Ward,* 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881].)

Section 1237.5 does not apply to the instant case because defendant does not contend that his guilty plea was invalid. Rather, he argues that in view of the bargain by which his guilty plea was obtained the court erred in imposing a prison sentence after revoking the order granting probation.

Dictum in *People* v. *Coley*, 257 Cal.App.2d 787, 791-792, 800-801 [65 Cal.Rptr. 559], insofar as it may suggest a contrary conclusion regarding the applicability of section 1237.5 to the facts of this case, is disapproved.[1]

 Regarding the substance of defendant's appeal, it must be held that the trial court erred in sentencing him without affording him the opportunity to withdraw his guilty plea. If a defendant pleads guilty as part of a bargain with an apparently authoritative and reliable public official— usually the prosecutor or, as here, the trial judge himself— whereby he is assured of receiving in return for his plea probation, a lenient sentence, or some other form of special consideration, the trial judge may not impose judgment contrary to the terms of such bargain without affording the defendant an opportunity to withdraw his guilty plea either by a motion under Penal Code, section 1018 before judgment (*People* v. *Griggs*, 17 Cal.2d 621 [110 P.2d 1031]) or by a motion to vacate judgment or a petition in the nature of *coram nobis* after judgment (*People* v. *Wadkins*, 63 Cal.2d 110 [45 Cal. Rptr. 173, 403 P.2d 429]).

Where, as here, a defendant pleads guilty in reliance on the trial judge's promise to grant probation and the judge grants probation but then, before the term of probation commences, revokes it on the basis of facts existing but unknown to the judge at the time he granted it, the same rule applies and it is error for the court to sentence the defendant without allowing

[1]In *Coley* defendant sought review of the trial court's denial of his motion to withdraw his guilty plea on appeal from the subsequent judgment sentencing him to prison contrary to the terms of a plea bargain. Since the court found that there had been "sufficient compliance" with section 1237.5 and rule 31(d) (257 Cal.App.2d at p. 800), its statement that review of the order depended upon such compliance is, strictly speaking, dictum.

Both in *Coley* and in the instant case the defendant appealed from a judgment sentencing him to prison contrary to the terms of a plea bargain. In both cases the defendant moved to withdraw his guilty plea when it became apparent that an unexpected sentence was about to be imposed. Whether the defendant challenges the denial of his motion to withdraw his guilty plea, as in *Coley*, or the subsequent imposition of sentence contrary to the guilty plea, as in the instant case, he is complaining of the same essential unfairness—being held to a bargain by which he has relinquished "a congeries of constitutional rights" (*United States* ex rel. *Thurmond* v. *Mancusi* (E.D.N.Y. 1967) 275 F.Supp. 508, 514) where the state has failed to perform its part of the bargain—and the two situations should be treated the same. In neither case does the defendant claim that his guilty plea is invalid; in both cases he "claims . . . that errors occurred in the proceedings held subsequent to the plea for the purpose of determining . . . the penalty to be imposed." (*People* v. *Ward*, *supra*, 66 Cal.2d 571, 574.) Therefore, in neither case is section 1237.5 applicable.

him to withdraw his guilty plea. ▮▮▮ Had the judge learned of defendant's arrest prior to the May 1 probation hearing he would have been obligated under *Griggs* and *Wadkins* to either grant probation in accordance with the plea bargain despite this information, or permit defendant to withdraw his guilty plea. The fact that the court was not informed of the arrest until after May 1 does not provide the court with the additional option of holding the defendant to his plea while in effect denying probation.

Of course it was implicit in defendant's plea bargain that the court would be free to revoke probation on the basis of defendant's conduct during the probationary period.[2] Our holding in no way affects this term of the bargain since the revocation with which we are concerned was based on facts existing but unknown to the judge at the time probation was granted.[3]

The judgment is reversed, and the trial court is directed to either reinstate probation or permit defendant to withdraw his plea of guilty.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment of the trial court.

---

[2]Probation may be granted on express conditions (Pen. Code, § 1203.1) and revoked upon a breach thereof (Pen. Code, § 1203.2). It may also be revoked ''if the interests of justice so require, and if the court in its judgment, shall have reason to believe . . . that the person so placed upon probation is . . . engaging in criminal practices, or has become abandoned to improper associates or a vicious life'' (Pen. Code, § 1203.2), or has done something else to indicate that he is no longer fit to remain at large (e.g., *People* v. *Martin, supra,* 58 Cal.App.2d 677, 682-683 [defendant left the state and used an assumed name in circumstances ''calculated to deceive . . . the probation officer . . . her employer . . . [and] the man she married. . . .'' but not amounting to a violation of any conditions of parole]).

[3]At the May 19 hearing the judge stated that ''[H]ad I known on May 1st that this sale was made [on April 28] I would have committed . . . [defendant] on May 1st on the hearing for the motion for probation to State Prison . . . .'' In view of this statement and the fact that the May 19 order ''revoking'' probation was made before the probationary term had comemnced, this order was the equivalent of an order *vacating* the original order granting probation. (Cf. *People* v. *Leach,* 22 Cal. App.2d 525 [71 P.2d 594].)