[Crim. No. 696. Fifth Dist. Mar. 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN MOORE, Defendant and Appellant.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## COUNSEL

Donald H. Hazel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Edward W. Bergtholdt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Defendant was granted leave to file a late notice of appeal from a judgment, following conviction of possession of marijuana in violation of Health and Safety Code section 11530 upon his plea of guilty. However, defendant failed to comply with Penal Code section 1237.5 in that he filed no statement under oath or penalty of perjury showing reasonable constitutional, jursidictional or other ground going to the legality of the proceedings, and the trial court executed and filed no certificate of probable cause for such appeal with the county clerk.

Rule 31(d) of California Rules of Court provided (amended Jan. 1, 1970) that in cases such as the one before the court, "the appeal shall not be operative unless the defendant files the statement, and the trial court executes and files the certificate of probable cause, required by section 1237.5 of the Penal Code."

■ Defendant argues that neither Penal Code section 1237.5 nor rule 31(d) of California Rules of Court applies to his appeal, under the authority of *People* v. *Delles,* 69 Cal.2d 906 [73 Cal.Rptr. 389, 447 P.2d 629]. That case holds the section and the rule inapplicable where the grounds of appeal accrued after the entry of the guilty plea.

Looking, first, at the circumstances surrounding the entry of the guilty plea, we find that in *Delles* the plea was induced by the trial judge assuring the defendant or his counsel that in return for the guilty plea probation or a lenient sentence would be given. Here, the trial judge gave defendant no such assurance; there was no bargain between the court and defendant. A

■■■■■■■■

guilty plea entered pursuant to a bargain with "an apparently authoritative and reliable public official" is also within the rationale of *Delles* provided the guilty plea is entered pursuant to the bargain. But there must be a bargain and a defendant and his counsel must be misled before denial of permission to withdraw a plea constitutes reversible error. In *Delles* the court actually granted probation upon entry of the guilty plea but, before the term of probation commenced, revoked it on the basis of facts existing but unknown to the judge at the time he granted probation. The Supreme Court concluded that the trial judge, upon learning of the defendant's other criminal activity which prompted revocation, should have permitted the defendant to withdraw his guilty plea before probation was revoked.

The record reflects that defendant, here, entered his plea of guilty pursuant to no agreement, ·nor was he misled. Prior to entering his plea of guilty, defendant had been tried before a jury for the same charge, upon a plea of not guilty. Because the jury was unable to agree, the trial judge declared a mistrial and set the case for retrial. A second jury was impaneled, and just before trial the following transpired:

"MR. CARTER: This is the time regularly scheduled for the jury trial. I have discussed the matter with my client, Steven Moore, and it is his desire at this time to withdraw the plea heretofore entered and enter a new and different plea. This is voluntary on his part, he has not been promised anything other than the, the enactment of the new legislation which gives the Court the discretion subsequently to, after entering the plea and at the time of the sentencing, to make this a misdemeanor, if the Court feels this is the proper disposition of the case.

"Mr. Moore realizes that this is within the sole discretion of the Court. He has been made no promises pertaining to this and realizes that if the Court were to accept the new plea it would be dependent upon this Court after reviewing the case thoroughly to make its independent determination.

"Mr. Moore has not been threatened in any way. He has not been made any promises and is pleading guilty because he is guilty of the charge to which he is—the crime to which he is charged.

"THE COURT: Is that a correct statement, Mr. Moore?

"THE DEFENDANT: Yes, sir.

"THE COURT: And it boils down to simply this: You are pleading to the offense as charged, and you are throwing yourself upon the mercy of the Court, and you are going to wait determination of the matter by the Court after the Court has considered the Probation Officer's report in connection therewith?

"THE DEFENDANT: Yes, sir.

"THE COURT: In other words, you understand in making your plea that. You can state your plea now. First of all, your plea—your request to enter a different plea is granted, and the plea of not guilty is vacated at this time.

"What now, then, is your plea, Mr. Moore, to the offense of violating 11530 of the Health and Safety Code, committed on or about January 19, 1968—wilfully and unlawfully having in your possession narcotics, to wit: marijuana?

"THE DEFENDANT: Guilty, your Honor.

"THE COURT: All right.

"MR. CARTER: Your Honor, as to the first prior conviction, I believe the defendant had admitted that on a previous occasion; is that correct?

"THE COURT: Yes. The record shows that. All right. With reference then to your case, you haven't been given any indications or promises that you will be expecting a reduction of sentence in this case just because you have pleaded, have you?

"THE DEFENDANT: No, your Honor.

"THE COURT: All right. I realize the facts and circumstances, whether this shall be treated as a misdemeanor or felony depends upon the information the Court is furnished concerning your activities and involvement, and your efforts to be a good citizen.

"THE DEFENDANT: Yes.

"THE COURT: The matter then is referred to the Probation Officer for his investigation, report, and recommendation in all respects, and the matter will be fixed for a hearing. I would like to allow three weeks."

A trial judge could hardly make the import of a guilty plea any clearer than the trial judge did in this case. Nonetheless, when defendant appeared for sentence, he advised the trial judge that his guilty plea had been induced by a promise of leniency by some unspecified person, an assertion unsupported by his counsel and by his father. Throughout rather lengthy proceedings, defendant carefully avoided naming any particular person who made the "bargain" with him, inferring that it might have been an agent from the state narcotic bureau or someone from the district attorney's office, but never naming a person who could be called before the court for questioning. Even now, the only ground for defendant's assertion of plea bargaining is his own self-serving declaration that is directly contrary to his statements in open court at the time he entered his guilty plea.

Before the hearing for sentencing, defendant had obtained a copy of the District Court of Appeal opinion in *Delles* (later taken over by the Supreme Court) and, after quoting from the opinion in open court, accused the judge of deciding to treat his violation of Health and Safety Code section 11530 as a felony, rather than a misdemeanor, because, as defendant said to the judge, "in a back room, the State Narcotics Department through the D.A.'s Office told you I was furnishing narcotics to the Fresno area prior to three months—" The trial judge disclaimed any knowledge of defendant's activities except for what he learned from the probation report which he had read that morning for the first time. Defendant then asked the judge if he had not received information from the district attorney's office about a charge against defendant in Madera County, relating to narcotics. The judge again stated that his only knowledge of what defendant's conduct had been was gleaned from the probation report.

Thus nothing improper occurred between the time defendant pleaded guilty and the judge imposed sentence. But even more fundamental is the fact that no bargain preceded defendant's plea of guilty; to the contrary, the trial court meticulously outlined the procedure by which the court would determine whether defendant should be sentenced for a misdemeanor or a felony.

Defendant having failed to bring his case within the *Delles* exception to the requirements of Penal Code section 1237.5 and rule 31(d) of California Rules of Court as it then existed, the appeal is dismissed.

Appeal dismissed.

Gargano, J., and Coakley, J., concurred.

A petition for a rehearing was denied April 15, 1970, and appellant's petition for a hearing by the Supreme Court was denied May 15, 1970.