Filed 7/9/13  P. v. Wilcoxson CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SAHRA ARLINE WILCOXSON,<br><br>　　　Defendant and Appellant. | A134801<br><br>(Lake County<br>Super. Ct. Nos. CR921179, CR923713,<br>CR926806, CR928053) |

　　　Defendant Sahra Arline Wilcoxson contends the sentencing court failed to state valid statutory bases for all fines and penalty assessments imposed in connection with her guilty and no-contest pleas in four cases.  She seeks remand for the court to specify the statutory bases for the fines and penalties imposed, and enter a final minute order reflecting its oral judgment.  We correct the sentencing minute order in two respects, but find no basis to remand the case for further sentencing proceedings.

## I.  BACKGROUND

　　　Defendant pleaded guilty or no contest in the four cases summarized below.  The underlying facts are drawn from the probation officer's reports.

### A.  *Case No. CR921179*

　　　On January 5, 2010, a sheriff's deputy, who recognized defendant, stopped her for driving on a suspended California driver's license.  The deputy found methamphetamine in defendant's possession during a search of her vehicle.  She was arrested for driving under the influence.

On February 5, 2010, defendant pleaded guilty to possession of methamphetamine while on bail (Health & Saf. Code, § 11377, subd. (a)), driving while under the influence (Veh. Code, § 23152, subd. (a)), and driving on a suspended license with prior convictions (Veh. Code, § 14601.1). On March 12, 2010, the trial court granted defendant probation.

**B.** *Case No. CR923713*

On October 29, 2010, during a search following a vehicle stop, police found three plastic bags containing methamphetamine in defendant's possession.

On November 8, 2011, defendant pleaded no contest to possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).)

**C.** *Case No. CR926806*

On June 7, 2011, while on searchable probation, defendant was found in possession of a plastic bag of methamphetamine and a glass smoking pipe.

On November 8, 2011, defendant pleaded no contest to an additional count of possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).)

**D.** *Case No. CR928053*

On October 21, 2011, defendant was arrested and taken to the county jail. When warned that it was a felony to bring any controlled substances into the jail, defendant stated that she did not have any illegal items on her person. During a search at the jail, 3.5 grams of methamphetamine were found in defendant's underwear. This offense was committed while defendant was on bail in three other cases.

On November 8, 2011, defendant pleaded guilty to bringing a controlled substance and paraphernalia into a place where prisoners or inmates are located (Pen. Code, § 4573) and admitted one on-bail enhancement allegation (Pen. Code, § 12022.1). The guilty plea also constituted an admission to violation of probation in case No. CR921179.

**E.** *Sentencing*

On December 20, 2011, the trial court sentenced defendant in each of the above cases to a total combined term of eight years. This was agreed to be an eight-year split

sentence with four years in custody and four years' mandatory supervision. Defendant filed a timely notice of appeal, and was granted a certificate of probable cause.

The court imposed fees and fines as follows:  In case No. CR921179, the court imposed a new $600 restitution fine (Pen. Code, § 1202.4, subd. (b)), and a $600 previously stayed restitution fine (Pen. Code, § 1202.44).  In each of the other three cases, a $200 restitution fine was imposed.  (Pen. Code, § 1202.4, subd. (b).)  A court security fee of $90 and a criminal conviction assessment of $90 were imposed in case No. CR921179 ($30 per count), and court security fees of $40, and criminal conviction assessments of $30 were imposed in each of the other three cases.  Lab fees and drug program fees, with penalty assessments, were imposed in cases Nos. CR921179, CR926806, and CR923713.

## II.  DISCUSSION

### A.  *Contentions*

Defendant contends the sentencing court failed to state valid statutory bases for all fees, fines, and penalty assessments imposed.  She seeks remand for the court to identify the statutory bases for all financial impositions, and to prepare a final minute order reflecting its oral judgment.

Defendant asserts no statutory bases were stated for (1) $450 in penalty assessments imposed in cases Nos. CR923713 and CR926806, on top of the $150 drug program fee authorized by Health and Safety Code section 11372.7; (2) $150 in penalty assessments imposed in cases Nos. CR923713 and CR926806, in addition to the $50 lab fee; (3) a $420 penalty assessment imposed in case No. CR921179, on top of the $150 drug program fee; and (4) a $140 penalty assessment imposed in case No. CR921179, on top of the $50 lab fee.[1]  Defendant does not contend imposition of these penalty assessments or their amounts were unauthorized by law.

---

[1] The minute order for December 20, 2011 incorrectly shows a lab fee and penalties imposed in case No. CR921179, totaling $200.  The court's oral pronouncement of sentence imposed a lab fee of $50 and penalty assessments of $140 on that amount for a total of $190.  The oral pronouncement of sentence is controlling.  (See *People v.*

3

In addition, defendant complains the court failed to state the statutory bases for a $600 fine and penalty assessment of $1,680 originally imposed in case No. CR921179 and reimposed when she admitted a probation violation in that case on December 20, 2011 by her guilty plea in case No. CR928053. The clerk's minutes reference Penal Code section 1202.5 for these impositions, but this statute applies only to specified robbery, burglary, and theft crimes. As the People concede, the improper reference to section 1202.5 should be stricken from the clerk's minutes of December 20, 2011. However, defendant does not maintain the fine and penalty assessment were unauthorized by law.

## B. *Drug Program and Lab Fee Penalty Assessments*

At sentencing, the court cited Health and Safety Code sections 11372.5 and 11372.7, respectively, in imposing the $50 lab fee and $150 drug program fee in each case. In addition it specified in each case the aggregate amount of the penalty assessments to be added to each fee and the combined total of the fee and penalty assessments. The court did not explain how the aggregate amount of the assessments had been determined in each instance or cite the statutes that authorized the imposition of penalties. Such an itemization at sentencing would have been quite time consuming. The six penalty assessments imposed in this case each derive from the combined effect of seven state statutes that directly impose or authorize counties to impose penalties earmarked for a variety of criminal justice-related purposes and funds. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373–1374 (*Voit*).)[2]

---

*Zackery* (2007) 147 Cal.App.4th 380, 385.) We shall order the minute order corrected to conform to it.

[2] The assessments are based on the following statutes: Penal Code section 1464, subdivision (a)(1) (imposing a $10 assessment per $10 of "every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses," with specified exceptions); Penal Code section 1465.7, subdivision (a) (20 percent state surcharge on the same base fine used to calculate the penalty assessed under § 1464); Government Code section 70372 (court construction penalty of $5 for $10 of base fine); Government Code section 76000, subdivisions (a), (e) (county penalty of $7 for every $10 of base fine, as applicable in Lake County); Government Code section 76000.5, subdivision (a)(1)

4

Because these seven statutes all apply on a statewide or countywide basis, the same assessments would be made in every case in which a lab or drug program fee is imposed in Lake County, as long as the statutes or county ordinances authorized by them do not change.[3] In our view, it would be impractical and unnecessary in these circumstances for a trial court to be required to separately itemize the dollar amounts of each of the seven applicable penalty assessments, and identify each of the authorizing statutes, every time a sentence triggering them is pronounced. In this case, that would have required the trial court to orally recite some 42 separate penalty assessments imposed in the three cases in which lab and drug fees were imposed. Because the same seven penalty assessment statutes apply countywide, defense counsel can readily determine from their aggregate amount whether the probation department has made an error in calculating them. Making the court go through the lengthy process of reciting the amount and statutory basis for each separate assessment is completely unnecessary as a matter of due process, and would be entirely counterproductive. The sheer volume of dollar amounts and statutes to be read off at sentencing would make it more difficult, not less difficult for counsel to notice errors, and would amplify the likelihood of error caused by the simple misreading of numbers.

The case law has recognized this is not necessary. (See *Voit*, *supra*, 200 Cal.App.4th at p. 1373 ["We conclude that the trial court adequately pronounced judgment by imposing a specific fine and generally referring to the applicable penalty

(county emergency medical fund, assessing $2 for every $10 of base fine if the county adopts a conforming ordinance); Government Code section 76104.6, subdivision (a)(1) (Proposition 69 penalty of $1 for every $10 of base fine); Government Code former section 76104.7, subdivision (a) (DNA fund penalty $3 for every $10 of base fine, raised to $4 in 2012).

[3] The penalties assessed on top of the $50 lab fee and $150 drug program fees for defendant's first offense in case No. CR921179 were $10 and $30 lower, respectively, because the assessment rate under one of the applicable penalty statutes, Government Code section 76104.7, was raised from $1 per $10 in fines, penalties, and forfeitures to $3 per $10 *after* that offense was committed. (Stats. 2009–2010, 8th Ex. Sess., ch. 3, § 1, p. 283; see *Voit*, *supra*, 200 Cal.App.4th at p. 1374 [penalty assessments may not be imposed retroactively for offenses committed before their effective date].)

assessments"]; see also *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 [approving pronouncement of a laboratory fee and drug program fee " 'plus penalty assessment' "].) *People v. High* (2004) 119 Cal.App.4th 1192, cited by defendant, is distinguishable in that the trial court in that case did not separately state the amounts of the underlying fee and penalty assessments but provided only a total sum for the " 'fee, together with surcharges and penalties.' " (*Id.* at p. 1200.) While it might have been better practice for the minute order in this case to identify the penalty statutes applied, the trial court was not required to itemize those amounts and no purpose would be served by remanding for entry of a new minute order when there is no mystery or dispute about whether the penalties were authorized by law. (See *Sharrett*, at p. 864; *People v. Eddards* (2008) 162 Cal.App.4th 712, 718.)

## C. *Fine and Penalty Assessment in Case No. CR921179*

The probation officer's report in case No. CR921179 recommended that defendant be required to pay a fine of $600, plus a penalty assessment of $1,680, in installments to be established by the probation officer. By order of March 12, 2010, the court placed defendant on probation in that case and made the payment of these amounts a term of her probation. No appeal was taken in connection with that order. In connection with the four cases consolidated for sentencing, the probation department noted in its report defendant had done poorly in her probation in case No. CR921179 and had paid none of the required fines and fees. A supplemental report recommended defendant pay the previously ordered fine of $600, plus a penalty assessment of $1,680. The court reimposed that fine and assessment when she was sentenced in the consolidated cases on December 20, 2011.

The trial court's March 12, 2010 order was an appealable final judgment. (Pen. Code, § 1237, subd. (a).) No appeal was taken from that order and the time to appeal it has lapsed. Defendant's challenge to the trial court's failure to identify a statutory basis for the fine and penalty assessment is therefore not cognizable on this appeal. (See *People v. Silva* (1966) 241 Cal.App.2d 80, 82–83.) We reject defendant's claim that reimposition of the fine and penalty in the 2011 proceedings must be considered a new

6

judgment that starts a new time clock for taking an appeal.  "[T]o 'reimpose' a restitution fine is not to impose a new, prohibited *second* fine.  Rather, to reimpose the fine is to confirm or acknowledge *the same* fine that previously had been imposed upon conviction."  (*People v. Cropsey* (2010) 184 Cal.App.4th 961, 965.)

## III.  DISPOSITION

The December 20, 2011 minute order entries for case No. CR921179 shall be corrected to (1) strike "per PC 1202.5" and (2) strike "Lab Fee of:  **$200.00** is imposed per HS11372.5" and substitute "Lab fee of $190 is imposed per Health and Safety Code section 11372.5, including penalty assessments."  In all other respects, the judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.