Filed 4/21/16  P. v. Vargas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

> **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS MATA VARGAS JR.,<br><br>    Defendant and Appellant. | E063110<br><br>(Super.Ct.Nos. SWF1402501 &<br>  SWF1402742)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Elaine M. Kiefer, Judge.

Affirmed as modified with directions.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jesus Mata Vargas Jr. appeals from his total sentence stemming from two separate cases, case Nos. SWF1402501 and SWF1402742. On appeal, defendant argues that he should have been sentenced to a total of 44 months, not 52 months; and that his due process rights were violated when the trial court imposed a sentence greater than specified in the plea agreements. The People agree. We also agree and will modify defendant's sentence to reflect a combined sentence of 44 months in state prison.

I

PROCEDURAL BACKGROUND[1]

On September 2, 2014, in case No. SWF1402501, defendant was charged with assault with a deadly weapon other than a firearm, to wit, an automobile (Pen. Code, § 245, subd. (c); count 1); evading a peace officer's vehicle with willful or wanton disregard for the safety of others (Veh. Code, § 2800.2; count 2); and hit and run (Veh. Code, § 20002, subd. (a); count 3).

On September 17, 2014, in case No. SWF1402742, defendant was charged with being under the influence of a controlled substance while in possession of a loaded, operable firearm (Health & Saf. Code, § 11550, subd. (e); count 1); and possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1; count 2).

---

[1] The details of defendant's criminal conduct are not relevant to the limited issues he raises in this appeal and we will not recount them here. Instead, we will recount only those facts that are pertinent to the issues we must resolve in this appeal.

On January 14, 2015, pursuant to a plea agreement, defendant pled guilty to counts 1 and 2 in case No. SWF1402501 and count 1 in case No. SWF1402742. In return, defendant was promised a dismissal on the remaining charges in both cases and a total sentence of 44 months in state prison as follows: in case No. SWF1402501, the low term of three years for the aggravated assault offense in count 1, plus a consecutive term of eight months for the evading a peace officer charge in count 2, for a total of three years eight months on that case; and in case No. SWF1402742, the midterm of eight months on the under the influence while armed offense in count 1.

The felony plea form in case No. SWF1402501 states defendant's custody term as follows: "Low term of 3 years on Ct. 1 + 8 months consecutive on Ct. 2 = 3 years 8 months. Consecutive to SWF140742. Total sentence of 44 months." The felony plea form in case No. SWF1402742 similarly provides that defendant's custody term will be "8 months consecutive to SWF1402501: total sentence of 44 months." Both forms clearly indicate the total sentence was intended to be 44 months; however, on the other hand, both forms also clearly note defendant's sentences for all three counts were to run consecutively, such that the total term would be 52 months. The record does not show whether the parties assumed one of the eight-month sentences would run concurrently or whether the parties erroneously noted count 2 was to run consecutively to count 1 in case No. SWF1402501, in which the total sentence would be 44 months.

At the sentencing hearing, the trial court clearly intended to accept the terms of the written plea agreements, and sentenced defendant to three years eight months in case No. SWF1402501, and a consecutive term of eight months in case No. SWF1402742. However, the trial court, as well as the prosecutor and defense counsel, assumed defendant's total sentence for both cases would be 44 months, instead of 52 months. The trial court inquired of both parties, "And so, then, in case ending 742, [defendant is] going to receive one-third the mid term, which is eight months, and that's consecutive. So looks like it will be a *total of—between the two cases—44 months*. Is that correct?" (Italics added.) Both the prosecutor and defendant's trial counsel replied, "Yes." Later in the hearing, the trial court again informed defendant that the "total term is 44 months" for both cases.

The abstract of judgment in case No. SWF1402501 indicates a total sentence of three years eight months. The abstract of judgment in case No. SWF1402742 indicates a total sentence of eight months. Hence, the combined sentence in both cases total 52 months. A legal status summary for defendant prepared by the California Department of Corrections and Rehabilitation confirms defendant is currently serving a sentence of 52 months rather than 44 months.[2]

---

[2] On June 11, 2015, this court took judicial notice of exhibits E, F, G, and H attached to defendant's motion to augment the record and request for judicial notice filed on June 3, 2015.

4

Defendant subsequently filed a notice of appeal in both cases and a request for certificate of probable cause. The trial court granted the requests for certificate of probable cause.

## II

## DISCUSSION

Defendant argues that he should have been sentenced to a total of 44 months on both cases as intended by the parties. He further asserts that his due process rights were violated when the trial court imposed a sentence greater than that specified in the plea agreements without first allowing him the chance to withdraw his guilty pleas. He also contends that this error requires a remand to correct the sentence or to allow him to withdraw the guilty pleas.

The People agree that defendant should have been sentenced to a combined term of 44 months, but believe a remand is not necessary and that this court exercise its authority to modify the abstract of judgment in the interest of judicial efficiency. Under the circumstances of this case, we agree with the People.

The parties agree that defendant's total sentence for both cases should be 44 months in state prison, not 52 months. The parties also agree that defendant would receive a three-year eight-month sentence in case No. SWF1402501 and a consecutive eight-month sentence in case No. SWF1402742. The error appears to stem from the erroneous reference to running count 2 for evading a peace officer in case No. SWF1402501 consecutively, rather than concurrently. The felony plea form on

5

that case states, "Low term of 3 years on Ct. 1 + 8 months consecutive on Ct. 2 = 3 years 8 months. Consecutive to SWF140742. Total sentence of 44 months." It appears if the felony plea form in case No. SWF1402501 had correctly noted count 2 was to run concurrently to count 1, the trial court would not have erroneously ordered count 2 to run consecutively to count 1 in case No. SWF1402501.

Where a plea bargain specifying the punishment to be imposed on a defendant has been accepted by the prosecuting attorney and approved by the court, the defendant cannot be sentenced to a punishment more severe than that specified in the plea. (Pen. Code, § 1192.5; see *People v. West* (1970) 3 Cal.3d 595, 610; *People v. Walker* (1991) 54 Cal.3d 1013, 1024-1026, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) If the court is for some reason unable to effectuate the bargain, a defendant must be given an opportunity to withdraw his guilty plea. (Pen. Code, § 1192.5; *People v. West*, *supra*, 3 Cal.3d at p. 610; *People v. Walker*, *supra*, 54 Cal.3d at p. 1025; *People v. Villalobos*, *supra*, 54 Cal.4th at p. 182; *People v. Delles* (1968) 69 Cal.2d 906, 910.) In this case, imposition of a 52-month sentence conflicts with the principles enunciated in Penal Code section 1192.5. Additionally, imposition of a 52-month term exceeds the aggregate sum of 44 months written on both of the plea forms and orally advised by the trial court at the time of the plea hearing. Moreover, at no point was defendant informed, either verbally or in writing, that his aggregate sentence would be 52 months. As such, the appropriate and most efficient remedy under the

6

circumstances of this case is to modify defendant's aggregate sentence to effectuate the bargain of the parties.

" '[A] court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases.' " (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, quoting *In re Candelario* (1970) 3 Cal.3d 702, 705.) Courts may correct clerical errors at any time, and may order the correction of abstracts of judgment that do not accurately reflect the sentence imposed orally by the trial court. (*People v. Mitchell*, *supra*, at p. 185.) Here, the People ask us to modify the abstract of judgment to reflect a combined sentence of 44 months on both cases. Defendant requests that the matter be remanded to allow the trial court to correct the sentence or permit him to withdraw his guilty pleas. For the sake of judicial economy, we will order the correction of the court's minute order dated January 14, 2015, and the abstract of judgment in case No. SWF1402501 to reflect count 2 is to be served concurrently with count 1. This modification will thus reflect the trial court's oral pronouncement of a total 44-month sentence in both cases.

III

DISPOSITION

The judgment in case No. SWF1402501 is modified to reflect an imposition of a concurrent term of eight months on count 2 (evading a peace officer's vehicle). The clerk of the superior court is directed to correct the January 14, 2015 clerk's minute order,

7

prepare an amended abstract of judgment, and forward a certified copy to the Department

of Corrections and Rehabilitation in case No. SWF1402501.  As modified, the judgment

in case No. SWF1402501 is affirmed.

The judgment in case No. SWF1402742 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

8