[No. B003903. Second Dist., Div. Seven. Jan. 23, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD PATRICK BARRERO, Defendant and Appellant.

**COUNSEL**

Mary J. Madsen and Frank O. Bell, Jr., State Public Defender, under appointments by the Court of Appeal, and Jonathan B. Steiner, Chief Assistant State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HARRIS, J.**\*—Appellant pled guilty to felony joyriding in violation of section 10851 of the Vehicle Code and was sentenced to the upper term of three years. His motion for modification of sentence was denied, and this appeal based solely on errors in sentencing followed.

The question presented is whether a trial court may as a part of a negotiated plea impose a condition that defendant's nonappearance at subsequent proceedings will relieve the court of the bargain but not the defendant of his guilty plea.

The facts are best summarized by the trial court:

"Let me review the sorry state of this case. On May the 18th, 1983, the defendant, then represented by Mr. Gerson of the Public Defender's Office, entered a plea of guilty for felony joyriding. There was an agreement made at that time that he would receive the low term in prison, which was 16 months. The defendant was told that he had to go to the Probation Department, and that he had to come back to court for sentence, and I would put him on bail and he was told if he failed to do either one or both of those, then when we got him back here if the Court thought it was warranted, he would receive either two or three years in prison, but he would not be allowed to back out of the plea bargain.

"The probation and sentence hearing was set for June the 22nd. On June the 22nd, the defendant did appear in court, but the Probation Department indicated he had never been to the Probation Department and having failed to apply for probation. I listened to whatever his excuses were at the time, and then set the matter for July the 26th so he could be interviewed. I allowed him to remain out on bail, and that's the last anybody saw of him until he was picked up on the warrant that I issued on the 26th.

"I have read and considered all of the probation reports, the original on July the 26th and the supplemental report. I do not feel I can in good conscience stick to the plea bargain. Defendant will receive something more harsh than the low term. I will be glad to listen to your comments."

---

\*Assigned by the Chairperson of the Judicial Council.

Appellant contends that he is entitled to the 16-month bargain that he made or, alternatively, that he should have been allowed to withdraw his guilty plea. ▆ Appellant acknowledges that in *People* v. *Calloway* (1981) 29 Cal.3d 666, 671 [175 Cal.Rptr. 596, 631 P.2d 30], the Supreme Court reaffirmed its earlier statement that "absent very special circumstances" plea bargains will not be enforced "against the trial court" which remains free, even after initial approval, to finally reject a bargain. The special circumstances urged here are that a new trial will necessitate expenditures of time and money, and that "the beleaguered taxpayer" should not be subjected to such unnecessary expense. We do not believe these are the circumstances that the Supreme Court had in mind.

Appellant's contention that he should have been allowed to withdraw his guilty plea if he was not to receive the bargain for low term is raised for the first time on appeal. In fact, appellant's counsel at the sentencing hearing argued for the midterm without ever requesting the opportunity to withdraw the guilty plea.[1] Nevertheless, we shall consider appellant's contention.

In *People* v. *Morris* (1979) 97 Cal.App.3d 358 [158 Cal.Rptr. 722], defendant was charged with five counts of aggravated assault, including use of a firearm in the commission of the offenses. He pled guilty to two counts pursuant to a negotiated plea bargain announced in open court under the terms of which the remaining counts and use allegation were to be dismissed, and no actual state prison sentence was to be imposed. The defendant was released on his own recognizance pending formal sentencing, but only after the trial judge imposed a state prison sentence, with execution stayed, for the sole purpose of assuring defendant's appearance. Defendant failed to appear for sentencing and was subsequently apprehended. At his ultimate sentencing hearing, defendant requested that he be allowed to withdraw his plea of guilty if the court intended to follow a diagnostic evaluation report recommending a state prison sentence. Defendant's request was denied, and he was remanded into custody for the purpose of carrying out the previously imposed state prison sentence.

On appeal, the judgment was reversed. The appellate court stated that the summary sentencing procedure was in open conflict with established pro-

---

[1] Appellant's counsel argued as follows: "Your Honor, I would be asking for mid-term at this time. That's because at the time of the original report, although there was a low term indicated sentence or less, it appeared that a grant of probation would have been a suitable sentence at that time, so I can see perhaps it has jumped from a low term but no higher than a mid term.

"I don't think that the fact that he did not appear should aggravate the sentence more than one jump up the scale, and it was a plea in this case. I think, therefore, it should not warrant the high term."

cedural requirements, pointing to Penal Code section 1203 mandating a probation presentence report and recommendation, where defendant is otherwise eligible, and Penal Code section 1200 requiring arraignment for judgment. The court further stated at page 364 that: ". . . a defendant who thereafter fails to appear [after O.R. release] without justification is subject to punishment upon conviction of the separate offense of a willful failure to appear (see Pen. Code, § 1319.4) in an action brought at the discretion of the prosecutor, not by peremptory judicial fiat."

Respondent distinguishes *Morris* on the ground that the trial court here did not actually impose the upper term at the time of plea, and that the possibility of appellant receiving a higher term was merely made part of the bargain. Respondent urges that where, as here, appellant had not yet entered his plea, and the bargain was still subject to negotiation, if neither the prosecutor nor the defendant objected to the condition imposed by the court, the unopposed condition should be considered part of the bargain.

Respondent argues that this case more closely resembles *People* v. *Caron* (1981) 115 Cal.App.3d 236 [171 Cal.Rptr. 203], than it does *Morris*. In *Caron,* the defendant pled guilty to possession of heroin, then failed to appear for sentencing and was apprehended three years later. At that time, Caron moved to withdraw his guilty plea, his motion was denied, and he was sentenced, pursuant to his plea bargain of three years earlier, to five years probation, with one year in the county jail, and other terms and conditions of probation. He refused to accept any conditions of probation other than the county jail term and was then sentenced to state prison. On appeal, it was found that the terms and conditions of probation were reasonable, that Caron freely and voluntarily entered the guilty plea, and that the trial court sentenced Caron according to the plea bargain. *Caron* therefore does not present a situation of a sentence in excess of the plea bargain.

Penal Code section 1192.5 provides in part as follows: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. . . ."

As in *Morris,* it appears that that duty was not discharged here. At the time of taking the plea, the court advised the defendant as follows: "I will do it this way. I will let you stay out on bail until the day I sentence you, but the agreement for the low term is always contingent upon your going to the Probation Department, and then your coming back to court. If you don't

come back to court or you don't go to the Probation Department and co-operate with them, then when we catch you with a bench warrant or you do come back, you won't have a guarantee of 16 months. I could send you to prison, then, for either two years or three years, which is the upper term for joyriding. Sixteen months, two years or three years. So if you go to the Probation Department, come back to court when I sentence you, you get your 16 months. If you don't come back, you understand that your part of the deal, my part of the deal is off, but you can't back out of your plea.

"You understand all of that?"

The defendant responded affirmatively, and the court then went on to advise him of the consequences of parole violation and of his constitutional rights. Nowhere was the defendant advised of his right to withdraw his guilty plea, if he desired to do so, in the event the court withdrew its approval of the punishment specified.

Respondent urges that such advice is not relevant where appellant bargained away his right to withdraw his guilty plea pursuant to the judicially imposed condition. This same argument was rejected in *Morris* in footnote 7 at page 364 in the following language: "We obviously reject the rationale underlying the People's contention that by acceding to the judicially imposed condition, defendant validly pleaded to a prison sentence properly conditioned upon his appearance. As we have explained, the appended condition and resulting sentence were wholly ineffectual. At best, the engrafted condition could only be plausibly construed as a separate condition to *final* judicial approval of the terms of the negotiated plea precluding an actual prison sentence. However viewed, the result is the same: defendant was entitled to withdraw his plea unless sentenced within the limits of the negotiated bargain."

Similarly, we so construe the condition here.

Accordingly, we reverse the judgment of conviction and remand with directions to set aside defendant's guilty plea, reinstate the original charges filed, and undertake further proceedings as appropriate. (See *In re Sutherland* (1972) 6 Cal.3d 666, 671-672 [100 Cal.Rptr. 129, 493 P.2d 857].) In view of our decision, we need not discuss the remaining issues presented on appeal.

Judgment reversed and cause remanded for further proceedings consistent with the views herein expressed.

Thompson, Acting P. J., and Johnson, J., concurred.