[No. B006722. Second Dist., Div. Two. Aug. 13, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
LITO ANTONIO SANTOS, Defendant and Appellant.

**COUNSEL**

Linda J. Prosser, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Andrew D. Amerson and Susan D. Martynec, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEACH, J.—Defendant appeals from a sentence imposed following a negotiated plea. Affirmed.

BACKGROUND:

On August 31, 1981, pursuant to a court-approved plea bargain, defendant pleaded guilty to one count of receiving stolen property (Pen. Code, § 496) in return for dismissal of a burglary charge and a grant of probation. The probation and sentencing hearing was set for October 30, 1981. Defendant, however, failed to appear and a bench warrant was issued for his arrest. Almost three years later, on July 2, 1984, defendant was arrested on the bench warrant. At the probation and sentencing hearing held on July 28, 1984, the trial court denied probation and sentenced defendant to state prison for the middle term of two years. This appeal by defendant followed.

DEFENDANT'S CONTENTIONS:

Defendant contends (1) the trial court should have either sentenced him pursuant to the plea bargain or allowed him to withdraw the plea bargain, and (2) he should have been sentenced by the judge who was to sentence him following his guilty plea.

DISCUSSION:

1. *Sentencing Pursuant to Plea Bargain*

Defendant contends that since it was a condition of the plea bargain that he be placed on probation, the trial court violated the bargain when it sentenced him to state prison.

■ Plea bargaining is an accepted practice in our system of criminal justice. (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 859 [187 Cal.Rptr. 441, 654 P.2d 211]; *People* v. *West* (1970) 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409].) Due process applies not only to the procedure of accepting the plea, but also to the implementation of the bargain itself. (*People* v. *Mancheno, supra,* 32 Cal.3d at p. 860.)

■ The purpose of providing a remedy for breach of the bargain is to redress the harm caused by the breach without prejudicing either party or curtailing the sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances. Among the factors to be considered are who broke the bargain, whether the violation was deliberate or inadvertent, and whether circumstances have changed between entry of the plea and the time of sentencing. (*Ibid.*) The usual remedies for breach of a plea bargain are to allow a defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. (*Id.,* at pp. 860-861.)

■ A trial court must orally pronounce the judgment and impose sentence in the presence of the defendant. (*People* v. *Prater* (1977) 71 Cal.App.3d 695, 702 [139 Cal.Rptr. 566].) Thus the plea bargain in this case contemplated defendant's appearance at the probation and sentencing hearing set for October 30, 1981. By absconding after the guilty plea and failing to show up at that hearing, remaining at large for three years until his arrest on the bench warrant issued at the October 1981 sentencing hearing, defendant himself prevented implementation of the plea bargain. Having breached the bargain, defendant is not entitled to either specific enforcement of that bargain or withdrawal of his guilty plea. We conclude the trial court's imposition of a prison term was proper.

## 2. *Defendant's Entitlement to Sentencing by Judge Rothman*

■ In *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171], the state Supreme Court held that whenever a trial judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge.

Here defendant's guilty plea was accepted by Judge Gerald Levie in department 115 of the superior court. Judge Levie told the parties the matter was "a Department 116 case" and would be set for probation and sentencing hearing in that department on October 30, 1981. At that time, Judge Rothman presided over department 116. After defendant's arrest on July 2, 1984, a probation and sentencing hearing was set for July 27, 1984, in department 116. At that time Judge Rothman was no longer sitting in department 116 of the central district, having been transferred to a branch court, where he was assigned to hear civil matters. Defendant contends on appeal, as he did in the trial court, that an implied term of the plea bargain was sentencing by Judge Rothman, and that his sentencing by a different judge violated the plea bargain, entitling him to withdraw his guilty plea.

Sentencing by Judge Rothman was neither an express nor implied term of the plea bargain. The record shows it was after accepting defendant's guilty plea that Judge Levie of department 115 told the parties that sentencing would be imposed by Judge Rothman in department 116. Thus the identity of the sentencing judge was not a factor which influenced defendant's decision to plead guilty. (*People* v. *Ruhl* (1985) 168 Cal.App.3d 311, 316 [214 Cal.Rptr. 93].)

Even if it were assumed that defendant had a right to be sentenced by Judge Rothman, he waived that right when he breached the plea bargain. All defendant had to do to be sentenced by Judge Rothman was to show up for the sentencing hearing on October 30, 1981. Instead, defendant chose to abscond, remaining at large for three years until his arrest, at which time Judge Rothman was no longer sitting in department 116 of the central district.

The judgment is affirmed.

Roth, P. J., Compton, J., concurred.