176 Cal.App.3d 1161 (1986)
222 Cal. Rptr. 648
In re CHRISTOPHER FALCO on Habeas Corpus. In re ROY E. SMITH on Habeas Corpus. In re MICHAEL PUNZAL on Habeas Corpus. In re ANDREA BOWEN on Habeas Corpus.
Docket Nos. A032559, A032627, A032684, A032751.
Court of Appeals of California, First District, Division One.
January 28, 1986.
*1162 COUNSEL
Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, Grace Lidia Suarez, Donna Teshima, Alfredo Vea, Jr., and Lisa Dewberry, Deputy Public Defenders, for Petitioners.
John K. Van de Kamp, Attorney General, Martin S. Kaye and Donna B. Chew, Deputy Attorneys General, for Respondent.
*1163 OPINION
RACANELLI, P.J. 

SUMMARY
By these several petitions consolidated for decision, petitioners Christopher Falco, Roy E. Smith, Michael Punzal and Andrea Bowen challenge sentences imposed on them on the grounds that such sentences exceeded the terms of their plea bargains, contravened the requirements of Penal Code section 1192.5[1] and otherwise deprived them of due process of law. The superior court, while expressly acknowledging that the actual sentences imposed were contrary to the terms of the negotiated plea bargains, sought to justify its sentencing actions on the basis that petitioners' failure to appear at the times set for sentencing constituted a breach of the plea bargains, forfeiting their right to withdraw their pleas and to specific performance of the original conditional plea agreements. For reasons which we will explain, we order the writs to issue and remand to respondent court with directions.[2]

BACKGROUND
The relevant procedural and factual background is essentially undisputed and may be summarized as follows:
Falco was originally charged in two counts with violations of the Health and Safety Code. On July 24, 1985, he pled guilty to a violation of Health and Safety Code section 11377 (possession of a controlled substance) on condition that he receive a grant of probation subject, inter alia, to the condition that he serve 90 days in the county jail or in the Sheriff's Work Alternative Program (hereafter SWAP).[3] Falco was expressly informed that if the court withdrew its approval of the agreed disposition at the time of sentencing, he could withdraw his guilty plea. The remaining charge was dismissed.
*1164 On August 21, 1985, the date set for sentencing, Falco arrived late, and the matter was continued to the next day; he failed to appear on the following day, and a bench warrant issued.
On August 26, 1985, Falco surrendered himself and sentencing was again continued.
On August 30, 1985, over Falco's objection and companion request to withdraw his plea under the authority of section 1192.5 and People v. Morris (1979) 97 Cal. App.3d 358 [158 Cal. Rptr. 722], the court imposed sentence consistent with the negotiated disposition except that the 90 days county jail condition was to be served without benefit either of the SWAP or county parole. Falco was promptly remanded to custody. His petition followed.
The procedural circumstances surrounding entry of the conditional pleas of the other petitioners and events at sentencing were essentially similar.[4]
In each case, petitioners failed to appear at the time regularly set for sentencing resulting in the issuance of bench warrants. Following their apprehension, petitioners were brought before the court where sentence was imposed consistent with the terms of the negotiated plea bargains with one notable exception: in each case an additional period of actual confinement in the county jail was imposed.[5]
Petitioners Smith, Punzal and Bowen likewise requested leave to withdraw their pleas at the time of sentencing when they learned that the court did not intend to impose a sentence within the stated terms of the negotiated dispositions. Notwithstanding the conditional plea agreements and explicit advisement that petitioners could withdraw their pleas at the time of sentencing in the event the court withdrew its approval, the court then imposed the more severe terms of punishment reasoning, it appears, that it was free to do so because petitioners "broke" their bargains by failing to appear at the time set for sentencing.

*1165 DISCUSSION
The practice of plea bargaining is well accepted in American criminal procedure (People v. West (1970) 3 Cal.3d 595, 604 [91 Cal. Rptr. 385, 477 P.2d 409]; People v. Mancheno (1982) 32 Cal.3d 855, 859 [187 Cal. Rptr. 441, 654 P.2d 211]) and has been expressly endorsed by statute in California since 1970. (§ 1192.5; People v. Johnson (1974) 10 Cal.3d 868, 871, fn. 1 [112 Cal. Rptr. 556, 519 P.2d 604]; People v. Daugherty (1981) 123 Cal. App.3d 314, 320 [176 Cal. Rptr. 500].)[6] It is indisputable that section 1192.5 explicitly authorizes a guilty plea which may "specify the punishment" to the same extent it could be fixed by the court upon conviction. The statute also makes it unmistakably clear that once the plea accepted by the prosecutor obtains initial judicial approval, the defendant "cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea." (1) The court's initial approval is not binding and may be withdrawn at the time of sentencing; "in such case, the defendant shall be permitted to withdraw his plea if he desires to do so." (Italics added.) Although the meaning of such unambiguous language seems plain enough to be accorded faithful application without necessity of further construction (In re Atiles (1983) 33 Cal.3d 805, 811 [191 Cal. Rptr. 452, 662 P.2d 910]), any uncertainty as to legislative intention must be resolved in favor of the offender. (In re Jeanice D. (1980) 28 Cal.3d 210, 217 [168 Cal. Rptr. 455, 617 P.2d 1087].)
(2) Thus, while it lies within the exclusive province of the court to accept or reject a proffered plea bargain (People v. Daugherty, supra, 123 Cal. App.3d 314, 321; People v. Morris, supra, 97 Cal. App.3d 358, 363), which also retains broad discretion to withdraw its prior approval at the time of sentencing (People v. Johnson, supra, 10 Cal.3d 868, 873), there is no authority consistent with due process requirements to justify implementation of the bargain in a manner contrary to its explicit terms, at least in the absence of the defendant's consent. (See generally Santobello v. New York (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495] passim; People v. Mancheno, supra, 32 Cal.3d 855, 860; People v. Calloway (1981) 29 Cal.3d 666, 673 [175 Cal. Rptr. 596, 631 P.2d 30]; People v. Johnson, supra, 10 Cal.3d at pp. 872-873; see also People v. Delles (1968) 69 Cal.2d 906, 910-911 [73 Cal. Rptr. 389, 447 P.2d 629].) Although the trial court is authorized to withdraw its approval "in the light of further consideration of the matter ..." (§ 1192.5), it had no authority to enforce a bargain essentially modified so as to increase punishment without the parties' consent. *1166 The trial court's motivating reason, characterizing petitioners' failure to appear as a breach of agreement, provides no legal justification for substitution of a more onerous term of punishment. In denying petitioners' requests to withdraw their pleas while implementing the revised plea bargains, the trial court  in effect  summarily sentenced petitioners for their nonappearance and without benefit of minimum procedural and statutory safeguards. (Cf. People v. Morris, supra, 97 Cal. App.3d at pp. 363-364; accord People v. Barrero (1985) 163 Cal. App.3d 1080 [210 Cal. Rptr. 70].) Such action constituted a palpable abuse of discretion.
The Attorney General's reliance on People v. Santos (1985) 171 Cal. App.3d 67 [216 Cal. Rptr. 911], upon which the trial court also relied, is misplaced. The Santos court, without discussion, summarily determined that by virtue of having absconded (for three years), defendant "breached" the bargain denying entitlement to either specific performance of the bargain or withdrawal of his plea. (Id. at p. 70.) Assuming, arguendo, that nonappearance alone constitutes a breach of the plea bargain, no reasons are given or suggested to support such a novel conclusion in open conflict with the statutory mandate governing plea bargains and relevant decisions. Accordingly, we find Santos unpersuasive.
The court's imposition of a greater sentence in contravention of the terms of the agreement constituted a constructive repudiation of the plea bargain entitling petitioners to withdraw their pleas. (People v. Kaanehe (1977) 19 Cal.3d 1, 13-14, and fn. 9 [136 Cal. Rptr. 409, 559 P.2d 1028].) In view of the individual circumstances reflected in the matter before us, we believe such course of action provides the appropriate remedy without curtailing the court's ultimate sentencing discretion or prejudicing the parties. (People v. Mancheno, supra, 32 Cal.3d at pp. 860-861.) In the event a petitioner is ultimately sentenced to a term of incarceration following withdrawal of the guilty plea, he or she shall receive appropriate credit for time already served. (Cf. People v. Calloway, supra, 29 Cal.3d at p. 673.)
In view of our decision which provides a declaration of procedural rights of all similarly situated individuals awaiting sentence, we need not consider Bowen's formal request for class action relief. (See In re Walters (1975) 15 Cal.3d 738, 744, fn. 3 [126 Cal. Rptr. 239, 543 P.2d 607].)

DISPOSITION
The writs of habeas corpus, and each, are granted to the extent that the judgments and sentences imposed are set aside and vacated with directions to allow each petitioner to elect either: 1) to withdraw his/her plea of guilty upon condition that all of the original charges, including those dismissed *1167 pursuant to the plea bargain, be reinstated and criminal proceedings resumed; or 2) to permit his/her previous plea of guilty to remain, the terms of sentencing to be fixed in the discretion of the court. In either case, any further judgment or sentence involving a term of incarceration shall be credited for time already served in custody by such petitioner.
The orders of release filed herein on October 3, 1985, shall remain in effect until this opinion becomes final.
Elkington, J., and Newsom, J., concurred.
NOTES
[1] Unless otherwise indicated, all further statutory references are to the California Penal Code.
[2] At the time of issuance of the orders to show cause herein, we ordered the release of each petitioner on his or her own recognizance subject to specified conditions, including compliance with then-existing requirements of section 1318 et seq. and status quo ante with regard to all other terms and conditions of the sentences.
[3] The specific terms of the plea bargain included a suspension of sentence, a term of probation for a period of three years on condition that he serve 90 days in the county jail. In addition, the agreed-upon disposition contemplated further conditions of probation, i.e., a search condition, a $100 fine, a $50 laboratory fee and a $15 a month probation cost fee. Although no factual record is presented concerning the implications of the alternative program, the parties' arguments assume that "straight time" is less desirable than the SWAP.
[4] Petitioners Smith, Punzal and Bowen were also charged with drug-related offenses and entered into similar conditional plea agreements involving guilty pleas to a single count (possession of a controlled substance) in exchange for dismissal of any other charges. In each case, the order of probation was subject to a warrantless search condition, payment of a fine and laboratory fees, registration and probation costs. Smith and Punzal received 30 days in the county jail which could be served through the SWAP; Bowen was to receive credit for time served with no additional jail time.
[5] The following county jail conditions were imposed: Smith  four months; Punzal  twelve months; Bowen  five months.
[6] Since no implication of section 1192.7 limitations is raised or suggested, no discussion thereof is required.