[No. B024675. Second Dist., Div. Four. Apr. 17, 1987.]

In re MAURICE CARL LUNCEFORD on Habeas Corpus.

---

**COUNSEL**

Carl K. Osborne, under appointment by the Court of Appeal, and Rory D. Izsak for Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Stephen M. Kaufman, Mark Alan Hart and Alison Braun, Deputy Attorneys General, for Respondent.

---

**OPINION**

**WOODS, P. J.**—By petition for writ of habeas corpus, a felony defendant challenges the sentencing judge's refusal to permit him to withdraw his negotiated guilty plea after the judge refused to approve the negotiated sentence because defendant had failed to appear on the date set for his probation and sentencing hearing.

We conclude that Penal Code section 1192.5[1] mandates that a defendant be permitted to withdraw his negotiated guilty plea and proceed to trial when the court declines to approve the negotiated sentence, even where the defendant fails to appear on the original sentencing date.

Defendant was charged in a two-count information with "joyriding" (count I—a violation of Veh. Code, § 10851) and receiving stolen property (count II, a violation of § 496).

On August 11, 1986, defendant entered into a negotiated plea bargain under which he entered a guilty plea to count I. The People promised to dismiss count II at the time of sentencing. Defendant was guaranteed that his sentence would be either county jail time or probation, at the discretion

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

of the sentencing judge. If probation were granted, the sentencing judge would determine the length of the period and could decide to impose up to one year in jail as a condition of probation. Defendant was advised that if, at sentencing, the court for any reason refused to approve the plea bargain, defendant would have the option to withdraw his guilty plea and go to trial on both counts.[2]

The probation and sentencing hearing was set for October 24, 1986. Defendant remained at liberty on his own recognizance.

Defendant failed to appear on October 24, 1986, and a no-bail bench warrant issued.

On December 4, 1986, defendant appeared for sentencing. The court refused to approve the terms of the negotiated plea because defendant had failed to appear for sentencing on October 24. Defendant's motion to withdraw his guilty plea pursuant to section 1192.5 was denied. The court imposed a middle-term two-year state prison sentence on count I and dismissed count II.

Defendant filed his petition with this court on December 19, 1986. On December 22, this court issued an order temporarily staying transportation of defendant to prison. After receiving preliminary opposition from the People, we issued the order to show cause and set the matter for hearing.

### Discussion

■ Section 1192.5 controls the authority of the sentencing court to disapprove a negotiated plea/sentence and also controls the consequences of such disapproval. It provides, in pertinent part, as follows:

"Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.

"If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, [up to the time of pronouncing judgment], withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. . . .

---

[2]Due to the unavailability of certain reporter's transcripts we have taken judicial notice of the superior court file.

"If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available."

To overcome these absolute and unequivocal statutory provisions, the People rely exclusively upon *People* v. *Santos* (1985) 171 Cal.App.3d 67 [216 Cal.Rptr. 911]. *Santos* holds that the sentencing court may disapprove a negotiated plea and impose a greater sentence than that specified in the plea if the defendant fails to appear for sentencing. In reaching this holding Division Two of this court reasoned that there is an implicit covenant in all negotiated pleas that the defendant will appear at his sentencing hearing and not prevent "implementation of the plea bargain." (*Id.,* at p. 70.) When the defendant breaches this implicit covenant, the criminal court has the inherent right both to deny defendant the benefit of his bargain and to punish him for his nonappearance by enforcing the guilty plea and sentencing him to the maximum term allowable for his underlying offense.

The People acknowledge that other cases hold contrary to *People* v. *Santos, supra,* but urge that we should follow *Santos* because it is "better reasoned" and was decided by the Second Appellate District.[3]

We are not persuaded that *Santos* is correct. The contrary view explained in *In re Falco* (1986) 176 Cal.App.3d 1161 [222 Cal.Rptr. 648], and *People* v. *Barrero, supra,* 163 Cal.App.3d 1080, correctly acknowledges the absolute language of section 1192.5 and refrains from reading into that statute what, in effect, is an implicit liquidated damages clause punishing nonappearing defendants beyond the extent authorized by law.[4]

In *People* v. *Barrero, supra,* 163 Cal.App.3d 1080, the defendant failed to appear for sentencing. At the time defendant Barrero entered his negotiated plea, with provision for a particular sentence, the court advised him that should he fail to timely appear at his sentencing hearing, the court would be relieved of its obligation to impose the agreed sentence but defendant would not be permitted to withdraw his guilty plea. It was held that defendant's acceptance of this announced condition at the time of his negotiated plea did not render the condition effectual. The condition was void as violative of the absolute provisions of section 1192.5.

---

[3]We note that one of these contrary cases, *People* v. *Barrero* (1985) 163 Cal.App.3d 1080 [210 Cal.Rptr. 70], was decided by Division Seven of this appellate district.

[4]*Santos* addresses neither the language of section 1192.5 nor the reasoning of *People* v. *Barrero, supra,* 163 Cal.App.3d 1080. Neither does it acknowledge the substantial prison terms authorized by sections 1320 and 1320.5 for nonappearing felony defendants.

The *Barrero* court also correctly pointed out that the People have adequate recourse to punish such nonappearing defendants by separate felony prosecutions under specific Penal Code provisions [now §§ 1320 and 1320.5]. These statutes provide for, inter alia, prison terms of sixteen months, two years, and three years for willful failure to appear in a felony prosecution while free on bail or on own recognizance.[5] The mid and high terms under these statutes would, respectively, equal or exceed the unlawful two-year prison term imposed upon petitioner.

The most recent published opinion on this issue is *In re Falco, supra,* 176 Cal.App.3d 1161.[6] There, the First Appellate District held that the sentencing court was precluded by section 1192.5 from imposing a more onerous sentence than that provided for in the negotiated plea without permitting the nonappearing defendant the opportunity to withdraw his guilty plea. After careful analysis of section 1192.5 and case law, the *Falco* court directly criticized *Santos* as contrary to authority and lacking in valid analysis.

We find that the need perceived in *Santos* for a means to punish nonappearing defendants is provided for by sections 1320, subdivision (b), and 1320.5. These statutes provide for felony prosecution and sentencing of nonappearing felony defendants whether they were free on bail or on their own recognizance.

Neither are we persuaded by the implicit rationale of *Santos* that defendants who plea bargain and flee prejudice the prosecution's case more than nonbargaining defendants who flee. *Santos* does not demonstrate that pleading defendants prejudice the prosecution to any significantly greater extent than defendants who delay trial and then flee without entering a negotiated plea. Nonbargaining defendants who flee before trial are not summarily pronounced guilty and subjected to the maximum sentences upon their apprehension. Both classes of fleeing defendants are equally subject to punishment under sections 1320 and 1320.5; both are entitled to trial upon request.[7]

---

[5] In addition, a fine up to $5,000 (on own recognizance) or $10,000 (on bail) may be imposed.

[6] In a most recent nonpublished opinion, *People* v. *Cruz,* B019213, October 31, 1986, Division Two followed its own *Santos* decision. On February 26, 1987, the Supreme Court granted review of *Cruz* as case Crim. 26142.

[7] There is additional reason why *Santos* is not controlling here. In *Santos,* the defendant absconded for three years between his negotiated guilty plea and his eventual apprehension and sentencing. However, in *Barrero* and *Falco,* as here, the delay occasioned by defendant's nonappearnace is less than one and one-half months. Thus, even if the *Santos* rationale had any persuasive force in theory, it would be materially distinguishable on this factual basis.

Respondent superior court is directed to vacate and set aside its judgment entered December 4, 1986, in Los Angeles Superior Court case No. A 033595, *People* v. *Maurice Carl Lunceford,* and, if respondent determines not to approve the negotiated plea, to permit defendant to withdraw his plea of guilty.

Kingsley, J., and McClosky, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 16, 1987.