[No. F006757. Fifth Dist. May 21, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR ZAVALA RODRIGUEZ, Defendant and Appellant.

COUNSEL

Jeff Reich, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Garrick W. Chock, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

BEST, J.—Defendant was convicted by plea of violating Health and Safety Code section 11350, possession of heroin. He was ultimately sentenced to the upper term of three years, execution of which term was suspended, and was granted probation for a period of five years on condition, among others, that he serve one year in the county jail.

Defendant's sole contention on appeal is that the trial court abused its discretion in denying his motion to withdraw his guilty plea. We agree.

FACTS

The facts underlying defendant's violation of Health and Safety Code section 11350 are not pertinent to the appeal. Defendant contends only that the trial court erred in denying his motion to withdraw his guilty plea. The facts relevant to this appeal are that on May 10, 1985, defendant pled guilty to possession of heroin (Health & Saf. Code, § 11350). At the time of defendant's plea, the trial court stated to defendant that after discussing the matter with defense counsel and reviewing the records, it would sentence defendant to no more than nine months in county jail as a condition of felony probation. Defendant was also told that if, at the time of sentencing, the court determined to sentence defendant to more than nine months in county jail, defendant could set aside his guilty plea and go to trial. After accepting defendant's guilty plea and determining there was a factual basis for the plea, the trial court set the sentencing hearing for June 12, 1985.

On June 12, 1985, however, defendant failed to appear, and a bench warrant was issued for his arrest. He later surrendered to the court on December 31, 1985. A sentencing hearing was rescheduled for January 14, 1986, and the probation department was ordered to prepare a supplemental probation officer's report. On January 14, defendant made a motion to withdraw his guilty plea if the court intended to follow the probation officer's updated report. The initial report apparently recommended that defendant be placed on probation for three years and serve nine months in county jail; whereas, the supplemental report recommended the aggravated term of imprisonment of three years. The district attorney, however, argued, citing to *People* v. *Santos* (1985) 171 Cal.App.3d 67 [216 Cal.Rptr. 911], that defendant had violated the plea bargain by failing to appear, was not entitled to enforce the bargain and was no longer entitled to withdraw his guilty plea even if the trial court imposed a sentence in excess of that provided for in the plea bargain. The trial court did not make an express finding at this hearing, but it gave defendant a continuance to enable him to show why his failure to appear was not willful and, if willful, was not a breach of the terms of the plea bargain.

The continued hearing took place on January 22, 1986. At this hearing, defendant presented no evidence to explain his failure to appear at his initial sentencing hearing. However, defense counsel cited to *People* v. *Barrero* (1985) 163 Cal.App.3d 1080 [210 Cal.Rptr. 70] and *People* v. *Morris* (1979) 97 Cal.App.3d 358 [158 Cal.Rptr. 722] for the proposition that a trial court errs in refusing to allow a defendant to withdraw a guilty plea and in

imposing a greater sentence than included in the plea bargain, where a defendant fails to appear at his or her formal sentencing hearing. Nevertheless, the trial court denied the request to withdraw the plea in reliance on *People* v. *Santos.* It further found that defendant failed to show his failure to appear was not willful.

The trial court thereafter sentenced defendant to the upper term of imprisonment, but it suspended execution of that sentence and granted probation for five years. One of the conditions of probation was that defendant spend one year in county jail.

DISCUSSION

■ The Courts of Appeal are divided on the question of whether a defendant, who absconds after entering into a negotiated plea bargain, is thereafter entitled to withdraw his guilty plea when the court thereafter intends to impose a sentence contrary to the terms of the plea bargain. *People* v. *Santos, supra,* 171 Cal.App.3d 67, stands alone in holding that a defendant who fails to appear at his formal sentencing hearing breaches an implied term of the negotiated plea bargain entitling the court not only to deny withdrawal of his plea but to impose a sentence in excess of that provided for in the plea bargain. We disagree with *Santos* and agree with the reasoning and holding of *In re Falco* (1986) 176 Cal.App.3d 1161 [222 Cal.Rptr. 468] as follows: "The practice of plea bargaining is well accepted in American criminal procedure (*People* v. *West* (1970) 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Mancheno* (1982) 32 Cal.3d 855, 859 [187 Cal.Rptr. 441, 654 P.2d 211]) and has been expressly endorsed by statute in California since 1970. ([Pen. Code,] § 1192.5; *People* v. *Johnson* (1974) 10 Cal.3d 868, 871, fn. 1 [112 Cal.Rptr. 556, 519 P.2d 604]; *People* v. *Daugherty* (1981) 123 Cal.App.3d 314, 320 [176 Cal.Rptr. 500].) It is indisputable that [Penal Code] section 1192.5 explicitly authorizes a guilty plea which may 'specify the punishment' to the same extent it could be fixed by the court upon conviction. The statute also makes it unmistakably clear that once the plea accepted by the prosecutor obtains initial judicial approval, the defendant 'cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.' The court's initial approval is not binding and may be withdrawn at the time of sentencing; 'in such case, the defendant *shall* be permitted to withdraw his plea if he desires to do so.' (Italics added.) Although the meaning of such unambiguous language seems plain enough to be accorded faithful application without necessity of further construction (*In re Atiles* (1983) 33 Cal.3d 805, 811 [191 Cal.Rptr. 452, 662 P.2d 910]), any uncertainty as to legislative intention must be resolved in favor of the offender. (*In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087].)

"Thus, while it lies within the exclusive province of the court to accept or reject a proffered plea bargain (*People* v. *Daugherty, supra,* 123 Cal.App.3d 314, 321; *People* v. *Morris, supra,* 97 Cal.App.3d 358, 363), which also retains broad discretion to withdraw its prior approval at the time of sentencing (*People* v. *Johnson, supra,* 10 Cal.3d 868, 873), there is no authority consistent with due process requirements to justify implementation of the bargain in a manner contrary to its explicit terms, at least in the absence of the defendant's consent. (See generally *Santobello* v. *New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495] *passim; People* v. *Mancheno, supra,* 32 Cal.3d 855, 860; *People* v. *Calloway* (1981) 29 Cal.3d 666, 673 [175 Cal.Rptr. 596, 631 P.2d 30]; *People* v. *Johnson, supra,* 10 Cal.3d at pp. 872-873; see also *People* v. *Delles* (1968) 69 Cal.2d 906, 910-911 [73 Cal.Rptr. 389, 447 P.2d 629].) Although the trial court is authorized to withdraw its approval 'in the light of further consideration of the matter . . .' (§ 1192.5), it had no authority to enforce a bargain essentially modified so as to increase punishment without the parties' consent. The trial court's motivating reason, characterizing petitioners' failure to appear as a breach of agreement, provides no legal justification for substitution of a more onerous term of punishment. In denying petitioners' requests to withdraw their pleas while implementing the *revised* plea bargains, the trial court—in effect—summarily sentenced petitioners for their nonappearance and without benefit of minimum procedural and statutory safeguards. (Cf. *People* v. *Morris, supra,* 97 Cal.App.3d at pp. 363-364; accord *People* v. *Barrero* (1985) 163 Cal.App.3d 1080 [210 Cal.Rptr. 70].) Such action constituted a palpable abuse of discretion.

"The Attorney General's reliance on *People* v. *Santos* (1985) 171 Cal.App.3d 67 [216 Cal.Rptr. 911], upon which the trial court also relied, is misplaced. The *Santos* court, without discussion, summarily determined that by virtue of having absconded (for three years), defendant 'breached' the bargain denying entitlement to either specific performance of the bargain or withdrawal of his plea. (*Id.* at p. 70.) Assuming, arguendo, that nonappearance alone constitutes a breach of the plea bargain, no reasons are given or suggested to support such a novel conclusion in open conflict with the statutory mandate governing plea bargains and relevant decisions. Accordingly, we find *Santos* unpersuasive.

"The court's imposition of a greater sentence in contravention of the terms of the agreement constituted a constructive repudiation of the plea bargain entitling petitioners to withdraw their pleas. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13-14, and fn. 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) In view of the individual circumstances reflected in the matter before us, we believe such course of action provides the appropriate remedy without curtailing the court's ultimate sentencing discretion or prejudicing the parties. (*People* v.

*Mancheno, supra,* 32 Cal.3d at pp. 860-861.) In the event a petitioner is ultimately sentenced to a term of incarceration following withdrawal of the guilty plea, he or she shall receive appropriate credit for time already served. (Cf. *People* v. *Calloway, supra,* 29 Cal.3d at p. 673.)" (*Id.* at pp. 1165-1166, fn. omitted.)

■ Defendant requests this court to specifically enforce the original plea bargain entered into between defendant and the prosecution. However, defendant, being the party who prevented implementation of the bargain, is not in a position to insist on specific performance of the plea bargain. Furthermore, the cases hold that specific performance will not be provided as a remedy to a defendant where enforcing the bargain would encroach upon the sentencing discretion of the trial court. (See *People* v. *Calloway* (1981) 29 Cal.3d 666, 670-671 [175 Cal.Rptr. 596, 631 P.2d 30]; *People* v. *Barrero, supra,* 163 Cal.App.3d at p. 1083.)

### DISPOSITION

The judgment is reversed. The cause is remanded with directions to (1) allow defendant to withdraw his guilty plea, or (2) resentence defendant in accordance with the original plea bargain.

Franson, Acting P. J., and Martin, J., concurred.