Filed 1/26/22  P. v. McNeely CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO MCNEELY,<br><br>    Defendant and Appellant. | H048421<br>(Santa Clara County<br>Super. Ct. No. C2008601) |

After defendant Antonio McNeely entered a guilty plea to three counts, the trial court sentenced him to four years in prison.  In this appeal, McNeely contends the trial court erred when it did not stay punishment pursuant to Penal Code section 654[1] on two of the three counts.  We disagree and affirm the judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2020, McNeely asked his former girlfriend (S.B.) for a ride.[2]  When McNeely entered the passenger seat of S.B.'s car, he pointed a gun at her.  She drove to her residence with McNeely, but attempted to stop him from entering.  He struck her in the face with a closed fist.  McNeely got into the driver's seat and took $340 from S.B.'s pocket.  He told her to exit the car and then fled.  McNeely returned to the residence several minutes later.

---

[1] Unspecified statutory references are to the Penal Code.

[2] The facts as to the underlying offenses are based on the probation report.

S.B.'s current girlfriend called the police and informed them that McNeely was present at her home and was armed. During a search of S.B.'s residence, police found McNeely and a loaded black 9mm Glock handgun without a serial number.

McNeely waived his *Miranda*[3] rights. He told police that he and S.B. went to an ATM where S.B. gave him the pin code and permission to withdraw money. When they arrived at the residence, they had an argument and he left. He denied having knowledge of a firearm. Police found $340 in his possession.

On June 19, 2020, the Santa Clara County District Attorney filed a felony complaint charging McNeely with robbery in the second degree (§ 212.5, subd. (c); count 1), owning, purchasing, receiving, and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), possession of ammunition by prohibited person (§ 30305, subd. (a)(1); count 3), and inflicting corporal injury on specified person (§ 273.5, subd. (a); count 4). The complaint further alleged one prior strike conviction and a prior serious felony conviction enhancement: ((1) § 1170.12; (2) § 667, subd. (a)(1)).

On August 7, 2020, McNeely pleaded no contest to counts 2, 3, and 4, and admitted the prior strike under section 1170.12. In exchange, count 1 and the section 667, subdivision (a)(1) prior serious felony conviction enhancement were submitted for dismissal and McNeely agreed to receive a prison sentence of "4 years top/bottom." In addition, the parties stipulated that counts 2, 3, and 4 were part of a "continuous course of conduct."

On August 27, 2020, the trial court sentenced McNeely to a prison sentence of four years, as follows: (1) four years on count 4 (low term of two years doubled); (2) a concurrent term of 32 months on count 2 (low term of 16 months doubled) and; (3) a concurrent term of 32 months on count 3 (low term of 16 months doubled). Count 1 and the section 667, subdivision (a)(1) prior serious felony conviction enhancement were

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

2

dismissed.  The trial court imposed a restitution fine of $3,600, which the court stayed, and a parole revocation fine of $3,600, which the court suspended.  The court waived the court security fee, criminal assessment fee, and criminal justice administration fee.

McNeely timely appealed.[4]

## II.    DISCUSSION

McNeely argues the concurrent sentences for counts 2 and 3 are unauthorized and contradict the plea agreement.  He contends counts 2 and 3 should have been stayed pursuant to section 654.  He requests that we remand for resentencing in accordance with the plea agreement, staying the punishment for counts 2 and 3 and recalculating the restitution and parole revocation fines.

## A.  Imposition of Concurrent Sentences

At the time of sentencing, McNeely made no objection to the imposition of concurrent terms for counts 2 and 3.  The parties dispute whether this precludes McNeely from challenging his sentence on appeal.

"Ordinarily, a section 654 claim is not waived by failing to object below. . . .  This is an exception to the general rule that only those claims properly raised and preserved by the parties are reviewable on appeal."  (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).)  Therefore, despite the lack of objection in the trial court, we can and do reach the section 654 issue for appellate review.  For reasons explained below, however, we find McNeely forfeited any section 654 claim.

Section 654, subdivision (a) provides, in relevant part, that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under

---

[4] McNeely is not challenging the validity of his plea.  Rather, he wants the plea enforced, and contends the trial court did not impose his sentence pursuant to all of the terms of the plea agreement.  Therefore, McNeely was not required to obtain a certificate of probable cause, as would normally be required under section 1237.5.  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1220.)

either of such provisions, but in no case shall the act or omission be punished under more than one provision."

McNeely asserts that the parties stipulated that counts 2, 3, and 4, to which he pleaded no contest, were part of a "single, continuous course of conduct" and "all counts are a continuous course of conduct and not separate occasions." He argues that this means the trial court was required to stay the punishment for counts 2 and 3 in accordance with section 654.[5]

McNeely is correct that the plea agreement states the parties stipulated that the "counts are a continuous course of conduct and not separate occassions [*sic*]." It is not apparent, however, that this language was intended to invoke the protections of section 654.

The words "course of conduct" are commonly used in reference to section 654. (*Hester*, *supra*, 22 Cal.4th at p. 294 ["Section 654 precludes multiple punishments for a single act or indivisible course of conduct."]; *People v. Perez* (1979) 23 Cal.3d 545, 551 ["[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction"]; *People v. Correa* (2012) 54 Cal.4th 331, 335.) In contrast, whether crimes were committed on the "same occasion" can be relevant to the question of whether multiple current convictions should be sentenced concurrently or consecutively. (See *People v. Deloza* (1998) 18 Cal.4th 585, 594-596.) This is separate from section 654's prohibition against multiple

---

[5] McNeely's alternative argument, separate from the section 654 claim, that the imposition of concurrent terms was a deviation from the plea agreement and can be corrected under *People v. Barrero* is unavailing. In *Barrero*, the appellant contended that he should have been allowed to withdraw his guilty plea. (*People v. Barrero* (1985) 163 Cal.App.3d 1080, 1083.) McNeely has made no request to withdraw his plea; he seeks to enforce the plea, so *Barrero* is inapposite.

punishment. (*Deloza*, *supra*, at p. 594 ["section 654 is irrelevant to the question of whether multiple current convictions are sentenced concurrently or consecutively"].)

McNeely's plea agreement does not mention section 654 or staying punishment for any counts, so the purpose behind the language used—"continuous course of conduct and not separate [occasions]"—is not clear from the face of the agreement. At the time the plea agreement was entered into the record, the People's counsel stated: "The People's offer is for 4 years, top/bottom. And the People are also stipulating that all three counts were involved in the single conduct of a continuous course of conduct—is how we were able to get to the 4 years." Pointing out that the stipulation enabled the parties to get to a four-year sentence implies that the parties were concerned about whether McNeely's prior strikes would result in consecutive sentences. Also, the language inserted into the plea agreement did not specifically reference section 654; rather, it appears to have been an attempt to limit McNeely's sentence to four years based on a single offense, instead of a longer string of consecutive sentences. However, we need not engage in such speculation because McNeely has abandoned any section 654 claim.

As stated previously, a section 654 claim is generally not waived by failing to object below. Nevertheless, the rule against the waiver of a section 654 claim is subject to an exception: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction." (*Hester*, *supra*, 22 Cal.4th at p. 295.)

This exception comports with California Rules of Court, rule 4.412(b), which provides: "By agreeing to a specified term in prison or county jail under section 1170(h) personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition

5

of double punishment, unless that claim is asserted at the time the agreement is recited on the record."[6]

McNeely agreed to a specified term of four years and he received that sentence. He acknowledged in his plea agreement that he could have been sentenced to a maximum term of 10 years eight months. By entering into a plea agreement, McNeely was able to minimize his prison term. He received the benefit of his bargain and cannot "trifle with the courts by attempting to better the bargain through the appellate process." (*Hester*, *supra*, 22 Cal.4th at p. 295.)

We also note that McNeely's attorney at sentencing was the same attorney present at the plea hearing. Therefore, McNeely's attorney would have known the specifics of and the intent behind what was agreed to in the plea agreement and could have raised any discrepancies at the time of sentencing. As stated by the California Supreme Court in *Hester*: "Had defendant been truly surprised at the time of sentencing to find that concurrent terms were being imposed, his remedy would have been to attempt to withdraw his plea on the grounds of violation of the plea bargain."[7] (*Hester*, *supra*, 22 Cal.4th at p. 296.)

The trial judge at sentencing stated all of the terms of the sentence on the record, including the fact that counts 2 and 3 would run concurrent to count 4. Further, the probation report also reflected a recommendation for concurrent counts. When asked if he had a chance to review the probation report with McNeely, defense counsel answered that he did, but made no other comment on it. Although McNeely's attorney did point

---

[6] Section 1170, subdivision (h) addresses determinate sentencing for certain felonies.

[7] The California Supreme Court reached this conclusion in *Hester* even though the attorney who represented the defendant at the sentencing hearing was different than the attorney at the change of plea hearing. (*Hester*, *supra*, 22 Cal.4th at p. 296.) The fact that McNeely had the same attorney at both hearings makes his argument even weaker than the one made in *Hester*.

out one error to the trial judge—that the judge had mistakenly referred to count 2 as "count 4"—at no time did McNeely's attorney state there was any problem with the imposition of concurrent sentences. This is fatal to McNeely's appeal. By entering into a plea bargain for a specified prison term and then failing to raise a section 654 objection at the time the concurrent terms were recited on the record, McNeely abandoned " 'any claim that any component of the sentence violates section 654's prohibition of double punishment.' "[8] (*Hester*, *supra*, 22 Cal.4th at p. 296; Cal. Rules of Court, rule 4.412(b).)

### III.   DISPOSITION

The judgment is affirmed.

---

[8] In light of this conclusion, we do not reach McNeely's additional argument that there was insufficient evidence that section 654 did not apply.

_____
                       Wilson, J.

WE CONCUR:

_____
             Greenwood, P.J.

_____
             Lie, J.

People v. McNeely
H048421